UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-8049-RMM

UNITED STATES OF AMERICA

v.

ROBERT CONRAD STORM,

Defendant.
_____/

FILED BY ___SW___ D.C.

Mar 31, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET (SUPERSEDING COMPLAINT)

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: _____
KATIE SADLO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 1026417
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1043
Fax: (561) 805-9846
Katie.Sadlo@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| ROBERT CONRAD STORM, | )  Case No. 25-mj-8049-RMM |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## SUPERSEDING CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **Nov. 11, 2023 - Dec. 22, 2024** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| Title 18, United States Code, Section 2261A(2) | with the intent to harass and intimidate, used a facility of interstate or foreign commerce to engage in a course of conduct that placed another person in reasonable fear of the death of or serious bodily injury to that person or an immediate family member of that person |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

SA Zachary Schleiffer, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 31, 2025

*Judge's signature*

City and state: West Palm Beach, FL      William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SUPERSEDING CRIMINAL COMPLAINT

I, Zachary F. Schleiffer, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND JURISDICTION

1.   I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and I have been so employed since September of 2021. I am currently assigned to PB-2, the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency, which investigates bank robberies, narcotics trafficking, fugitives, firearms offenses, gang activity, threats to life, and other violent crimes. Prior to joining PB-2, I was assigned to the health care fraud squad of the FBI's Palm Beach County Resident Agency for 2 years. Based on my experience as a federal law enforcement officer, I have also conducted criminal investigations involving or relating to sophisticated financial schemes, including identity theft, wire fraud, mail fraud, bank fraud, money laundering, and access device fraud.

2.   Pursuant to 18 U.S.C. § 3052, I am authorized to apply for and execute search warrants and arrest warrants for offenses enumerated in Titles 18 and 21 of the United States Code. I have participated in and directed investigations involving violent crime, violations of the Hobbs Act, bank robberies, trafficking in controlled substances, firearms offenses, identity theft, threats to life, wire fraud, mail fraud, bank fraud, and various types of fraud committed using stolen identities. As a result of my training and experience, I am familiar with the tactics, methods, and techniques of committing those crimes.

3.   I make this affidavit in support of an application for a superseding criminal complaint amending the current charge of transmitting a threat through interstate commerce, in violation of Title 18, United States Code, Section 875(c), as charged against ROBERT CONARD STORM, (herein "STORM") on January 30, 2025, to cyber stalking, in violation of Title 18,

United States Code, Section 2261A(2).

4. This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation and information provided to me by other law enforcement officers. I have not included in this affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for the offense stated.

5. Based upon my training and experience and the facts as set forth in this affidavit, I respectfully submit there is probable cause to believe that ROBERT CONRAD STORM, with the intent to harass and intimidate, used a facility of interstate or foreign commerce to engage in a course of conduct that placed another person in reasonable fear of the death of or serious bodily injury to that person or an immediate family member of that person, in violation of Title 18, United States Code, Section 2261A(2).

## BACKGROUND CONCERNING INVESTIGATION

6. The FBI and local law enforcement were alerted to a threatening voicemail left on the message machine of a business owned by a prominent figure in Palm Beach County, FL. The threat was directed at Victim 1, (V1).[1] V1's office staff and head of security recognized the voicemail to be left by the same person who had made two prior calls to the business office of V1 and alerted V1. V1's head of security then contacted the Palm Beach County Sheriff's Office and the Federal Bureau of Investigation.

## PROBABLE CAUSE

7. Between November 11, 2023, and December 22, 2024, STORM left three voicemail messages on the business phone belonging to V1. V1's business is located in Palm

---

[1] V1's identity has been redacted from this affidavit.

Beach County, Florida, which is in the Southern District of Florida. The message left by STORM on December 22, 2024, explicitly stated a threat to kill V1.

8. Law enforcement was provided with a transcript of the voicemail messages left by STORM. The transcripts read as follows:

   a. Saturday, November 11, 2023, at 2:30 PM: "*[REDACTED] hey, this is Robby Storm \*\*\*-\*\*\*-0007, I'm in St. Augustine, FL, I'm from Iowa, I wrote you a letter I'd like to know the attorney that you had sent that to, I mean I was basically doing my due diligence, I'm a golfer I've made myself prevalent, it's been a long time, I'm involved in something, the SEC has contacted me, it's my business but I was screwed over, but I've, I've been through hell I shouldn't have to explain myself, I made myself prevalence, I would like to know the attorney you sent that to, I'm in the parking lot at the Flying J and I know what's coming into my life I've worked hard for it please give me a phone call back, thank you.*"

   b. Thursday, July 11, 2024, at 7:41 PM: "*Hey [REDACTED] this is Robby Storm from Belle Plaine, Iowa, I'm in Delray Beach, Delray Beach FL right down from Jupiter, I know you don't know me, I know you, I've grew up a big fan of you, I'm just going to say if you, if you fuck my time and community over now that I live in Delray Beach because of your psychological bullshit I'm gonna fuck you up plus your boy you paid in Hollywood, but I was a fan so if you want to talk and want to smooth this over (can't understand – possibly "if you want to pay me forty grand") that's fine, if [Celebrity 1] goes for it too, you can try to off me, you're not man enough to off me yourself, you apologize to me and we go forward from then, you don't spend life in prison, I don't care about the cops protecting me, don't fucking try to*

*scare the community with the psychological bullshit, OK, you got that [REDACTED], in Delray Beach or your homeboys in Hollywood it's not a big deal, you and [Celebrity 1] me, my brother, [Celebrity 2] it doesn't matter, we move forward as men, as men, man up [REDACTED] OK I'm still gonna be your fan, make a good decision, please, or else you man up and you meet me face to face, call me up I'll be there, bye."*

c. Sunday, December 22, 2024, at 3:06 AM: *"Yeah this is Robby Storm phone number \*\*\*-\*\*\*-2840 this message is for [REDACTED] or anybody at his company, I've called before I'd like him to call me back, (possibly, "but he's a little bitch") I know my business has been put out there for a while, I'm in for an award with a government agency I don't know why he's been such a cocksucker to me trying to be his naturalist and give me some sort of the gyrations that has actually caused the community astir, I wish he wouldn't be a part of that, he needs to rethink himself and his career, otherwise you can tell him Robby Storm is going to fucking kill him myself, and I will, I've done some prison time I didn't deserve it I was innocent, but he's pissing me off so bad I will take him that to court for whatever I do to him if he doesn't straighten his shit out, give him the fucking message, bye."*

9. On January 8, 2025, law enforcement conducted an interview of V1, who had no previous contact or association with STORM, and feared for the safety of himself and his family. In response to the messages left by STORM, V1 took measures to increase security at his residence, alerted the security staff responsible for access control at his neighborhood, and took measures to protect his other family members.

10. The telephone number that STORM provided in the December 22, 2024, voicemail,

\*\*\*-\*\*\*-2840, hereinafter referred to as "STORM'S PHONE NUMBER," was confirmed on the caller ID at V1's business office as the originating phone number for the voicemail. The STORM'S PHONE NUMBER has been identified as a cellular telephone serviced by Verizon Wireless, a telecommunications company that operates through interstate commerce and by interstate wires, located at 180 Washington Valley Road, Bedminster, New Jersey, 07921.

11. Law enforcement made contact with several of STORM'S family members. Witness 1 (W1) stated that STORM is dangerous and a known user of controlled substances. W1 told law enforcement that W1 has received several voicemails from STORM that were threatening in nature and provided law enforcement with screenshots of text messages from STORM that were of concern to W1. According to W1, STORM has continued to use the STORM'S PHONE NUMBER to contact W1.

12. Witness 2 (W2) told law enforcement that STORM's behavior has been a problem for approximately 20 years and that W2 had been working with police in Iowa, where STORM is a resident, to help STORM. W2 provided screenshots to law enforcement that indicated that as recently as January 2025, STORM had an obsession with V1 and other well-known figures located in Palm Beach County, Florida. W2 confirmed that STORM used the STORM'S PHONE NUMBER to contact W2.

13. Law enforcement made contact with STORM on January 15, 2025, at a motel in West Melbourne, Florida. STORM agreed to a consensual interview with law enforcement and was free to leave during the interview. STORM admitted to making the calls to V1. At the time of interview, STORM advised law enforcement he was in possession of a knife, which STORM claimed was legal. STORM went on to explain that V1, along with other prominent figures, had been "hiring people to get him out of Florida." STORM told law enforcement that V1 did not like

him and that V1 was trying to harass or harm STORM, but then later explained he had no personal knowledge of any threats from V1. STORM cited a dispute regarding intellectual property and reputation as the reason he left the voicemail directed at V1.

14. On January 30, 2025, STORM was charged under this criminal complaint number with the transmission of a threat through interstate commerce to injure the person of another, in violation of Title 18, United States Code, Section 875(c), based on the December 22, 2024, voicemail message. At the time of his initial charge, law enforcement had probable cause to believe STORM's call to the voicemail system traveled through interstate commerce based on Verizon Wireless's operation through interstate commerce and by interstate wires, and Verizon Wireless's location outside of Florida.

15. On March 27, 2025, law enforcement received additional information, through verbal communications with Verizon Wireless, that the December 22, 2024, call from STORM to V1's business was not routed or transmitted outside the State of Florida. Law enforcement was also verbally informed that the server that hosts the December 22, 2024, voicemail message was located in Miami, Florida. Defense counsel for STORM was notified of this information on March 27, 2025. Additionally, even though the December 22, 2024, call did not cross state lines, STORM still used a facility of interstate or foreign commerce when he called V1 during the above-described calls, as required by Title 18, United States Code, Section 2261A(2).

16. STORM was arrested on the original complaint on February 5, 2025, in Ocean Ridge, Florida. When STORM was arrested, he had a fixed blade knife on a backpack in his possession.

17. On March 28, 2025, law enforcement conducted a subsequent interview of V1. During the interview, V1 explained that he had been notified of the messages left by STORM. V1

confirmed that V1 was concerned for the physical safety of V1's family after being notified of the messages. In response, V1 directed V1's security staff to notify law enforcement and V1 took measures to protect V1's family.

## CONCLUSION

18. Based upon the information contained in this affidavit, I believe that probable cause exists that ROBERT CONRAD STORM, with the intent to harass and intimidate, used a facility of interstate or foreign commerce to engage in a course of conduct that placed another person in reasonable fear of the death of or serious bodily injury to that person or an immediate family member of that person, in violation of Title 18, United States Code, Section 2261A(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Zachary F. Schleiffer
Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence this __31__ day of March, 2025.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  ROBERT CONRAD STORM

**Case No**:  25-MJ-8049-RMM

Count #: 1

Cyber Stalking

Title 18, United States Code, § 2261A(2)
* **Max. Term of Imprisonment: 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100**

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-MJ-8049-RMM

### BOND RECOMMENDATION

DEFENDANT: ROBERT CONRAD STORM

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: KATIE SADLO

Last Known Address: Federal Correctional Complex

Butner, North Carolina 27509

What Facility: _____

Agent(s): SA Zachary Schleiffer
(**FBI**)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)